The facts sufficiently appear from the opinion of the court.
Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff sues for $100 per month incentive pay for the period September 1, 1947, to June 30, 1948. The claim is *272 based on service as an interne in the Public Health Service.
In February 1947 plaintiff made application to the United States Public Health Service for a commission in the Reserve Corps as a medical officer in that service. He indicated he would be available for active duty during the period July 1947 to July 1948.
He was appointed a Civil Service interne on July 1,1947. On August 9, 1947 he was commissioned in the Reserve Corps of the Public Health Service. He was called to active duty on August 19, 1947, effective September 1, 1947.
Public Law 365 of the 80th Congress became effective September 1,1947 (61 Stat. 776). This law was an amendment to the Pay Readjustment Act of 1942 (56 Stat. 359).
Pertinent provisions of the amendment are as follows:
Sec. 1A. (a) The term “commissioned officers,” as used in this section? shall be interpreted to mean only (1) those commissioned officers of the Medical and Dental Corps of the Regular Army and Navy and commissioned medical and dental officers of the Regular Corps of the Public Health Service who are on active duty on the effective date of this section; (2) those officers who are hereafter commissioned in the Medical and Dental Corps of the Regular Army and Navy or as medical and dental officers of the Regular Corps of the Public Health Service during the five-year period immediately following the effective date of this section; (3) such of-officers, now or hereafter commissioned in the Medical and Dental Corps of the Officers’ Reserve Corps, the Naval Reserve, the National Guard, the Army of the United States, or as medical and dental officers of the Reserve Corps of the Public Health Service, who may, during the five-year period immediately following the effective date of this section, volunteer and be accepted for extended active duty of one year or longer; * * *
(b) In addition to any pay, allowances, or emoluments that they are otherwise entitled to receive, commissioned officers as defined in subsection (a) of this section shall be entitled to pay at the rate of $100 per month for each month of active service following the date of enactment of this section: Provided, That such sum shall not be included in computing the amount of increase in pay authorized by any other provision of law or in computing retired pay: Provided further, That the total amount which may be paid to any one officer under the authority contained in this section shall not exceed *273 $36,000: And provided, further, That the commissioned officers described in subsection (a) (3) of this section shall receive the pay provided by this subsection only during periods of volunteer service.
Circular Number 24 was issued by the Public Health Service on August 19, 1947. It included the following language:
3. Medical and dental officers in the Reserve Corps in the following categories, will not be accepted on a volunteer basis:
(a) Commissioned interns, during a period of internship, due to the fact that officers presently interning with the Public Health Service were accepted only through June 30,1948, plus their leave, such period from September 1 to that date will not constitute one year, and they will therefore not be eligible.
On August 16, 1948, plaintiff was accepted as of July 1, 1948, for a period of active duty of one year or longer. He served until the latter part of 1951.
He has received the incentive pay for . the period since July 1, 1948.
In June 1951 plaintiff filed a claim for the incentive pay for his service prior to July 1, 1947. This was denied and suit was filed for the incentive pay for the period September 1,1947, to July 1,1948.
Cross motions for summary judgment have been filed. The material facts are not in dispute.
Is the plaintiff entitled to recover incentive pay for the period September 1,1947 to July 1,1948 ?
Public Law 365, supra, provides for incentive pay at the rate of $100 per month for each month of active service of commissioned medical officers who after September 1, 1947, have volunteered and been accepted “for extended active duty of one year or longer.”
Plaintiff clearly qualifies for the period after July 1,1948. For that period he has been paid. He does not meet the terms of the statute for the previous period. He was commissioned on August 9, 1947, and on August 19, 1947, was called to active duty, effective September 1,1947, to serve as an interne until July 1,1948. The statute requires a volunteering and acceptance after September 1, 1947 for at least one year of active service.
*274 The plaintiff insists that Circular Number 24 misconstrues the statute and that the Comptroller General in his adverse decision dated April 15, 1952, was likewise in error in interpreting and applying the provisions of the statute.
We think the provisions of the statute are clear and that they justify the interpretation placed upon them by the defendant.
Plaintiff’s claim is in many respects an appealing one, but we must interpret the law as we find it.
Plaintiff’s motion is denied, defendant’s motion is granted, and the petition is dismissed.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.